RECEIVED

IN THE UNITED STATES DISTRICT COURT 2010 OCT 26  P 4: 27
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION    DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| **JAMES L. SEARIGHT, and**<br>**LILLIE W. PATTON,**<br><br>    *Plaintiffs,*<br><br>    **v.**<br><br>**JACK JONES,**<br>**DOROTHY MCCRAE,**<br>**JACK JONES ENTERPRISES, LLC, a**<br>**domestic limited liability,**<br>**JACK JONES INCOME TAX**<br>**SERVICE, a better denomination of**<br>**which is unknown, and**<br>**J AND J FAST TAX SERVICE, a better**<br>**denomination of which is unknown,**<br><br>    *Defendants.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Case No. 2:10-cv-___907___

**PLAINTIFFS DEMAND JURY TRIAL**

## CIVIL RICO COMPLAINT

    **COME NOW** Plaintiffs **James L. Searight** and **Lillie W. Patton**, by and through the

undersigned counsel, and would show unto this Court as follows:

## INTRODUCTION

1.    This is a Civil RICO action brought by Plaintiffs who allege herein that Defendants have

    been employed by, and/or, have associated themselves with an enterprise affecting

    interstate commerce, and have conducted, and/or, participated in the enterprise's affairs,

    directly, and/or, indirectly, through a pattern of racketeering activity in violation of 18

    U.S.C. § 1962(c).

2.    Plaintiffs submit that they are persons who have been injured in their business or property

by reason of a violation of 18 U.S.C. § 1962 and therefore have the right to sue in this

Court to recover treble damages and court costs under Title 18 U.S.C. § 1964(c).

## JURISDICTION

3.    Jurisdiction in this action is predicated upon 18 U.S.C. § 1964(c), 28 U.S.C. § 1343, 28

U.S.C. § 1331, 28 U.S.C. § 2201, 28 U.S.C. § 2202, and 28 U.S.C. § 1367. Defendants

violated Plaintiffs' rights as guaranteed by Federal law, and by the laws of the state of

Alabama.

## VENUE

4.    Venue is proper in the Middle District of Alabama pursuant to 28 U.S.C. § 1391, and 18

U.S.C. § 1965, because Defendants reside in, are found in, have an agent in, and/or

transact their affairs in, the Middle District of Alabama, where a substantial part of the

events complained of herein occurred.

## PARTIES

5.    Plaintiff **James L. Searight** (hereinafter referred to as "James" or "Plaintiff") is a natural

person, over the age of nineteen (19) years, and a resident of Lowndes County, Alabama.

James is a person who has been injured in his business or property by reason of a

violation of 18 U.S.C. § 1962 and therefore has the right to sue in this Court to recover

treble damages, attorney's fees and court costs pursuant to 18 U.S.C. § 1964(c).

6.    Plaintiff **Lillie W. Patton** (hereinafter referred to as "Lillie" or "Plaintiff") is a natural

person, over the age of nineteen (19) years, and a resident of Lowndes County, Alabama.

Lillie is a person who has been injured in her business or property by reason of a

violation of 18 U.S.C. § 1962 and therefore has the right to sue in this Court to recover

treble damages, attorney's fees, and court costs pursuant to 18 U.S.C. § 1964(c). **Lillie** is the mother of Plaintiff **James Searight**.

7.    Defendant **Jack Jones** (hereinafter referred to as "Jack" or "Defendant") is a natural person, over the age of nineteen (19) years, and a resident of Lowndes County, Alabama. Based upon information and belief, Jack is the sole member of Jack Jones Enterprises, LLC, the owner of Jack Jones Income Tax Service, and the owner of J and J Fast Tax Service.

8.    Defendant **Dorothy McCrae** (hereinafter referred to as "Dorothy" or "Defendant") is a natural person, over the age of nineteen (19) years, and a resident of Montgomery County, Alabama. Based upon information and belief, Dorothy is an agent or employee who manages and/or controls the business affairs of Jack Jones, Jack Jones Enterprises, LLC, Jack Jones Income Tax and J and J Fast Tax Service.

9.    Defendant **Jack Jones Enterprises, LLC** (hereinafter referred to as "Jack Jones LLC" or "Defendant") is a domestic limited liability company organized and doing business within the state of Alabama. Based upon information and belief, **Jack** is the sole member of **Jack Jones LLC**.

10.   Defendant **Jack Jones Income Tax Service** (hereinafter referred to as "Jack Jones Income Tax" or "Defendant") is a company, a better denomination of which is presently unknown to Plaintiffs, doing business within the state of Alabama. Based upon information and belief, **Jack Jones Income Tax** is owned, at least in part, by **Jack**.

11.   Defendant **J and J Fast Tax Service** (hereinafter referred to as "J and J Tax" or "Defendant") is a company, a better denomination of which is presently unknown to

Plaintiffs, doing business within the state of Alabama. Based upon information and belief, **J and J Fast Tax Service** is owned, at least in part, by **Jack.**

## THE ENTERPRISE

12. At all times relevant hereto, there existed a criminal organization which is referred to herein as "the enterprise". The enterprise, as the term is used in 18 U.S.C. § 1961(4), constituted a group of persons associated in fact, which enterprise was engaged in unlawful activities, as stated hereinbelow, of which affected interstate commerce.

## BACKGROUND

13. As stated hereinabove, **Jack** is the sole member of **Jack Jones LLC**, the owner of **Jack Jones Income Tax**, and an owner of **J and J Fast Tax**. In addition, **Jack** is licensed by the Internal Revenue Service (hereinafter referred to as "the IRS") as a "paid preparer". **Jack's** actions, as stated herein, were taken on behalf of himself individually and on behalf of **Jack Jones LLC**, **Jack Jones Income Tax**, **J and J Fast Tax** (hereinafter, "the Business Defendants").

14. **Defendant Dorothy** is an employee and/or agent of **Jack** and/or the Business Defendants who manages and/or controls these Defendants' business operations and affairs including, but not limited to, preparing income tax returns, submitting income tax returns, and/or receiving individual's income tax refunds. **Dorothy's** actions, as stated herein, were taken on behalf of herself individually and on behalf of **Jack** and the Business Defendants.

15. **Jack** and **Dorothy**, on behalf of themselves individually and the Business Defendants, personally prepared and submitted, and/or caused others in their employ to prepare and

submit, income tax returns containing false information in order to fabricate higher refunds for customers based on overstated earned income tax credits (EITC)[1].

16.     Because of the way the EITC works, in some situations increases in reported income can lead, counter-intuitively, to larger tax refunds after consideration of the EITC.

17.     In addition, Defendants personally prepared and submitted, and/or caused others to prepare and submit, income tax returns upon individuals without such individual's authorization, consent, and/or knowledge. For example, **Jack** and/or **Dorothy** prepared and submitted an income tax return for **James** for tax year 2009; however, as stated herein **James** did not authorize or have knowledge of the filing of such return.

18.     Furthermore, Defendants prepared and submitted, and/or caused others to prepare and submit, income tax returns for individuals reporting false dependency exemptions to maximize such individuals' refunds based on the EITC. More specifically, **Jack** and/or **Dorothy** prepared and submitted an income tax return for **James** for tax year 2009 claiming three dependency exemptions when, in fact, **James** does not qualify for such exemptions.

19.     In or around January, 2009, **Lillie** visited the offices of **Jack Jones Income Tax** and/or **J and J Fast Tax** for assistance with filing her 2008 income tax return. **Jack** agreed to prepare and electronically file **Lillie's** said return. Furthermore, **Jack** represented to **Lillie** that, because **James** received disability benefits from Social Security and is

---

[1] The EITC is a refundable federal income tax credit for low-income working individuals and families. Essentially, when the EITC exceeds the amount of taxes owed, it results in a tax refund to those who claim and qualify for the credit.

dependent upon **Lillie** for financial support, **Jack** would prepare **Lillie's** return and
identify **James** as her dependent therein. **Jack** prepared and electronically filed **Lillie's**
2008 income tax return.

20.     **Jack** represented to **Lillie** that her tax refund would be approximately $2,000.

21.     Based upon information and belief, **Jack** and/or **Dorothy** received **Lillie's** income tax
refund; however, such was unlawfully retained for the benefit of Defendants and was not
remitted to **Lillie**. **Jack** represented to **Lillie** that the reason she did not receive her 2008
income tax refund was because the IRS "kept" the same.

22.     As of the filing of this Complaint, **Lillie** has not received her 2008 income tax refund.

23.     In or around January, 2010, **Lillie** hired Monique Income Tax Service, an income tax
preparer on Atlanta Highway in Montgomery, Alabama, to prepare her 2009 income tax
return. A representative of this tax preparer also advised that, because **Lillie** was
providing financial support for **James**, her disabled son, **Lillie** should identify **James** as a
dependent within her income tax return.

24.     Shortly after **Lillie's** 2009 income tax return was submitted, the IRS advised **Lillie** that
her return was being rejected because **James** had independently filed his own income tax
return.

25.     **James** did not independently file his own income tax return for 2009.

26.     On or around April 19, 2010, after obtaining knowledge of the IRS's rejection of his
mother **Lillie's** income tax return, **James** visited the IRS's offices on Carmichael Road in
Montgomery, Alabama to obtain more information about the return that was filed on his
behalf.

Page 6 of 22

27.  A representative for the IRS provided **James** with a Tax Return Transcript for 2009
     which indicates that **James** filed an income tax return using form 1040-EZ on April 15,
     2010, claimed "Head of Household", three (3) exemptions, and, in addition, identified
     two (2) dependents with Social Security numbers ending with 1452 and 8981,
     respectively. Moreover, such transcript indicates that **James** earned $13,025 in wages,
     was entitled to an Earned Income Tax Credit in the amount of $5,028, and received a
     refund in the amount of $5,178. The transcript identifies the paid preparer as being **Jack**
     with **Jack Jones Income Tax** located in Fort Deposit, Alabama with contact number
     (334) XXX-0770.

28.  Based upon the Tax Return Transcript referenced hereinabove, the information **Jack**
     placed within the fraudulently prepared and submitted income tax return of **James** is
     itself inaccurate. For example, **James** does not qualify to file with three (3) exemptions
     or "Head of Household". In addition, **James** did not earn $13,025 in wages as his only
     source of income was Social Security disability benefits; therefor, **James** was not entitled
     to a refund in the amount of $5,178.

29.  Moreover, **Jack** submitted such information intentionally, willfully and maliciously with
     the intent to defraud **James** and, in addition, to defraud the relevant governmental
     agencies.

30.  According to the transcript, the tax refund check was mailed to an address on West
     Patton Avenue where **Dorothy** resides. Based upon information and belief, one or more
     tax refunds, including the refund resulting from the fraudulently filed return of **James**,
     were forwarded to **Dorothy**.

31.    **James** immediately contacted **Jack** to determine why **Jack**, without **James'**
       authorization, consent or knowledge, prepared and electronically filed an income tax
       return, containing false and inaccurate information, on behalf of **James**. **Jack** was unable
       to provide **James** with any explanation other than "our computer system is down so call
       back tomorrow".

32.    Shortly after **James'** repeated phone calls and visits demanding an explanation, **Jack**
       promised **James** that, in return for **James** refraining from filing a police report or
       contacting any tax agencies, **Jack** would pay **James** a "few hundred dollars". **James**
       declined **Jack's** offer.

33.    On April 20, 2010, **James** met with Investigator L. Lee and filed an Alabama Uniform
       Incident / Offense Report against **Jack**, **Dorothy**, and **Jack Jones Income Tax** based
       upon the offense of identity theft.

34.    In addition, **James** attempted to file formal charges against **Jack**; however such efforts
       were thwarted by an employee within the Lowndes County Clerk's office.

35.    As a direct and proximate result of the unlawful conduct of **Jack** and **Dorothy**, acting
       individually and on behalf of the Business Defendants, **James** and **Lillie** have been
       deprived of the benefit of **Lillie's** income tax refunds for 2008, approximately \$2,000,
       and 2009, approximately \$4,500, respectively. As stated hereinabove, **James** is reliant,
       to a large extent, upon his mother **Lillie** for financial support and well-being.

36.    As a direct and proximate result of the unlawful conduct of **Jack** and **Dorothy**, **James**
       and **Lillie** have been caused to expend extensive time and effort facilitating the IRS

and/or other taxing authorities with correction of their records and, in addition, have suffered extreme emotional and mental distress in fear that Defendants might again commit such unlawful conduct. **James** and **Lillie** live in fear that the IRS and/or these other taxing agencies will demand of them the refunds received unlawfully and without their authorization by **Jack, Dorothy, Jack Jones LLC, Jack Jones Income Tax,** and/or **J and J Fast Tax.**

37.    As stated hereinabove, Defendants are engaged in unlawful conduct that constitutes "racketeering activity". As that term is defined by 18 U.S.C. § 1961(1), "'racketeering activity' means . . . (B) any act which is indictable under any of the following provisions of title 18, United States Code: . . . section 1028 (relating to fraud and related activity in connection with identification documents), . . . section 1341 (relating to mail fraud), section 1341 (relating to wire fraud), . . ."

38.    18 U.S.C. 1028(a)(7) states that "[w]hoever, in a circumstance described in subsection (c) of this section . . . knowingly transfers, possesses, or uses, without lawful authority, a means of identification[2] of another person with the intent to commit, or to aid or abet, or in connection with, any unlawful activity that constitutes a violation of Federal law, or that constitutes a felony under any applicable State or local law . . . shall be punished as provided in subsection (b) of this section."

---

[2] "[T]he term 'means of identification' means any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any . . . name, social security number, date of birth, official State or government issued driver's license or identification number, . . . employer or taxpayer identification number . . ." 18 U.S.C. § 1028(d)(7).

39. Furthermore, 18 U.S.C. § 1341 states that "[w]hoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, . . . places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, or deposits or causes to be deposited any matter or thing whatever to be sent or delivered by any private or commercial interstate carrier, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail or such carrier according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall be fined under this title or imprisoned not more than 20 years, or both."

40. Additionally, 18 U.S.C. § 1343 states that "[w]hoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire . . . in interstate or foreign commerce, any writings . . . for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both."

41. Defendants, in concert with one another and in furtherance of "racketeering activity" for the enterprise, fraudulently utilized, possessed and transferred Plaintiffs' names, addresses and Social Security numbers by either mailing or electronically filing income tax returns, without authorization, or with authorization and retaining the respective refunds for the benefit of the Defendants.

## CAUSES OF ACTION

42.   As to each of the counts herein below set forth, Plaintiffs expressly adopt as if fully set
      forth herein the allegations of the foregoing paragraphs.

## COUNT I - CIVIL RICO
### (U.S.C. § 1962(a), All Defendants)

43.   Defendants, in concert with one another, engaged in conduct that is violative of 18
      U.S.C. 1962(a).

44.   Pursuant to 18 U.S.C. § 1962(a), "[i]t shall be unlawful for any person who has received
      any income derived, directly or indirectly, from a pattern of racketeering activity . . . in
      which such person has participated as a principal . . ., to use or invest, directly or
      indirectly, any part of such income, or the proceeds of such income, in acquisition of any
      interest in, or the establishment or operation of, any enterprise which is engaged in, or the
      activities of which affect, interstate or foreign commerce."

45.   As stated hereinabove, Defendants received and/or derived benefit from tax refunds to
      which such Defendants were not entitled as a result of fraudulent preparation,
      unauthorized use, transfer and possession of each Plaintiff's means of identification, and
      submission of, whether electronically or by mail, income tax returns to the appropriate
      revenue agencies, without authorization from each such Plaintiff, furthering the operation
      of the illegal racketeering enterprise that is engaged in, or affects, interstate commerce.

46.   Defendants' conduct is violative of 18 U.S.C. §§ 1028(a)(7), 1341, and 1343.

47.   As a result of such conduct, Plaintiffs have been damaged or injured in that each Plaintiff
      has suffered loss of property, emotional and mental distress, fear, humiliation, and has
      been forced to retain the services of an attorney to prosecute this matter.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs respectfully pray for a money

judgment, in an amount yet to be ascertained, against all Defendants, jointly and severally, and

for relief as follows:

    a.    Treble damages;

    b.    Injunctive relief;

    c.    Reasonable attorney's fees and costs; and

    d.    Such other relief as this Court deems just and proper.

## COUNT II - CIVIL RICO
### (18 U.S.C. § 1962(b), All Defendants)

48.    Defendants, in concert with one another, engaged in conduct that is violative of 18

        U.S.C. 1962(b).

49.    18 U.S.C. § 1962(b) states that "[i]t shall be unlawful for any person through a pattern of

        racketeering activity . . . to acquire or maintain, directly or indirectly, any interest in or

        control of any enterprise which is engaged in, or the activities of which affect, interstate

        or foreign commerce."

50.    As stated hereinabove, each Defendant, in furtherance of Defendants' overall pattern of

        racketeering activity, i.e. the unauthorized use, transfer or possession of Plaintiffs' means

        of identification, electronically or via the mails, to fraudulently obtain Plaintiffs' income

        tax refunds, acquired and/or maintained an interest in or control of the enterprise which is

        engaged in activities that affect interstate commerce.

51.    Defendants' conduct is violative of 18 U.S.C. §§ 1028(a)(7), 1341, and 1343.

52.    As a result of such conduct, Plaintiffs have been damaged or injured in that each Plaintiff

has suffered loss of property, emotional and mental distress, fear, humiliation, and has

been forced to retain the services of an attorney to prosecute this matter.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs respectfully pray for a money

judgment, in an amount yet to be ascertained, against all Defendants, jointly and severally, and

for relief as follows:

a.      Treble damages;

b.      Injunctive relief;

c.      Reasonable attorney's fees and costs; and

d.      Such other relief as this Court deems just and proper.

## COUNT III - CIVIL RICO
### (18 U.S.C. § 1962(c); All Defendants)

53.     Defendants, in concert with one another, engaged in conduct that is violative of 18

U.S.C. 1962(c).

54.     Pursuant to 18 U.S.C. 1962(c), "[i]t shall be unlawful for any person employed or

associated with any enterprise engaged in, or the activities of which affect, interstate or

foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such

enterprise's affairs through a pattern of racketeering activity . . ."

55.     As stated hereinabove, each Defendant, being associated and/or employed with the

enterprise, engaged in activities which affect interstate commerce to conduct or

participate in the unlawful conduct of the enterprise's pattern of racketeering activity, i.e.

the unauthorized use, transfer or possession of Plaintiffs' means of identification,

electronically or via the mails, to fraudulent obtain Plaintiffs' income tax refunds.

56.    Defendants' conduct is violative of 18 U.S.C. §§ 1028(a)(7), 1341, and 1343.

57.    As a result of such conduct, Plaintiffs have been damaged or injured in that each Plaintiff

has suffered loss of property, emotional and mental distress, fear, humiliation, and has

been forced to retain the services of an attorney to prosecute this matter.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs respectfully pray for a money

judgment, in an amount yet to be ascertained, against all Defendants, jointly and severally, and

for relief as follows:

a.    Treble damages;

b.    Injunctive relief;

c.    Reasonable attorney's fees and costs; and

d.    Such other relief as this Court deems just and proper.

## COUNT IV - CIVIL RICO
### (18 U.S.C. § 1962(d); All Defendants)

58.    Defendants, in concert with one another, engaged in conduct that is violative of 18

U.S.C. 1962(d).

59.    Pursuant to 18 U.S.C. § 1962(d), "[i]t shall be unlawful for any person to conspire to

violate any of the provisions of subsection (a), (b), or (c) of this section.

60.    As stated hereinabove, each Defendants conspired with one another to violate subsection

(a), (b) and (c) of 18 U.S.C. § 1962 to further the enterprise's racketeering activity

consisting of the unauthorized use, transfer or possession of Plaintiffs' means of

identification, electronically or via the mails, to fraudulently obtain Plaintiffs' income tax

refunds.

61. Defendants conspired with one another to violated 18 U.S.C. §§ 1028(a)(7), 1341, and 1343.

62. As a result of such conduct, Plaintiffs have been damaged or injured in that each Plaintiff has suffered loss of property, emotional and mental distress, fear, humiliation, and has been forced to retain the services of an attorney to prosecute this matter.

   **WHEREFORE, PREMISES CONSIDERED,** Plaintiffs respectfully pray for a money judgment, in an amount yet to be ascertained, against all Defendants, jointly and severally, and for relief as follows:

   a. Treble damages;

   b. Injunctive relief;

   c. Reasonable attorney's fees and costs; and

   d. Such other relief as this Court deems just and proper.

## COUNT V - FIRST PREDICATE ACT
### (Fraud against each Defendant)

63. **Jack** represented to **Lillie** that, in return for a tax preparation fee, **Jack** would prepare her 2008 income tax return, file the same using the internet or the mails, and forward the applicable refund to **Lillie**.

64. In furtherance of the enterprise's racketeering activity, **Jack** intended that **Lillie** rely upon such fraudulent representations.

65. In fact, **Lillie** did rely upon such representations to her detriment.

66. **Jack** and/or Defendants retained for their own benefit **Lillie's** 2008 income tax refund.

67. As a direct and proximate result of such fraud, **Lillie** has been damaged and/or injured in

that such has suffered loss of property, loss of use of property, extreme mental and emotional distress, fear, humiliation, and has been forced to retain the services of an attorney to prosecute this matter.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays for a money judgment, in an amount yet to be ascertained, against all Defendants, jointly and severally, and for relief as follows:

a.   Treble damages;

b.   Injunctive relief;

c.   Reasonable attorney's fees and costs; and

d.   Such other relief as this Court deems just and proper.

**COUNT VI - SECOND PREDICATE ACT**
**(Identity Theft against each Defendant)**

68.   **Jack**, without authorization or consent, used **James'** identifying information, i.e. his name, address, and social security number, to fraudulently prepare and submit, electronically or via the mails, an income tax return for 2009.

69.   As a direct and proximate result of such identity theft, **James** has been damaged and/or injured in that such has suffered loss of property, loss of use of property, extreme mental and emotional distress, fear, humiliation, and has been forced to retain the services of an attorney to prosecute this matter.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays for a money judgment, in an amount yet to be ascertained, against all Defendants, jointly and severally, and for relief as follows:

a.     Treble damages;

b.     Injunctive relief;

c.     Reasonable attorney's fees and costs; and

d.     Such other relief as this Court deems just and proper.

## COUNT VII - THIRD AND FOURTH PREDICATE ACTS
### (Against each Defendant)

70.    Defendants submitted, or caused to be submitted, via electronic means Plaintiffs' income

       tax returns.  More specifically, Defendants submitted or caused to be submitted **Lillie's**

       income tax return for 2008 and, in addition, fraudulently submitted **James'** income tax

       return for 2009.

71.    Defendants submitted such tax returns for the sole purpose of furthering the illegal

       racketeering activity of the enterprise, i.e. obtaining money using false pretenses,

       representations or promises either to the individual or the taxing agency.

72.    Such activity constitutes prohibited wire fraud.

73.    Plaintiffs submit that the submission of each separate income tax return, i.e. **Lillie's**

       income tax return for 2008 and **James'** income tax return for 2009, constitutes an

       independent act, or predicate act, under RICO.

74.    As a direct and proximate result of such wire fraud, Plaintiffs have been damaged and/or

       injured in that they have suffered loss of property, loss of use of property, extreme mental

       and emotional distress, fear, humiliation, and have been forced to retain the services of an

       attorney to prosecute this matter.

       **WHEREFORE, PREMISES CONSIDERED,** Plaintiffs respectfully pray for a money

judgment, in an amount yet to be ascertained, against all Defendants, jointly and severally, and for relief as follows:

    a.    Treble damages;

    b.    Injunctive relief;

    c.    Reasonable attorney's fees and costs; and

    d.    Such other relief as this Court deems just and proper.

## COUNT VIII - FIFTH PREDICATE ACT
### (Against each Defendant)

75.    Defendants conspired to commit the illegal acts fraud, wire fraud and identity theft as moreso described hereinabove. These illegal acts constitute "racketeering activity" in violation of the RICO Act.

76.    As a direct and proximate result of such conspiracy, Plaintiffs have been damaged and/or injured in that they have suffered loss of property, loss of use of property, extreme mental and emotional distress, fear, humiliation, and have been forced to retain the services of an attorney to prosecute this matter.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs respectfully pray for a money judgment, in an amount yet to be ascertained, against all Defendants, jointly and severally, and for relief as follows:

    a.    Treble damages;

    b.    Injunctive relief;

    c.    Reasonable attorney's fees and costs; and

    d.    Such other relief as this Court deems just and proper.

77.     Therefore, Plaintiffs submit to this Court that they have satisfied the requirement for
        predicate acts under 18 U.S.C. § 1961, *et seq.*

## COUNT IX - STATE LAW FRAUD
### (Against each Defendant)

78.     Defendants, in concert with one another, represented to **Lillie** that, in return for a tax
        return preparation fee, Defendants would prepare her 2008 income tax return, file the
        same using the internet or the mails, and forward the applicable refund to Plaintiff.

79.     In furtherance of their racketeering activity, Defendants intended that Plaintiff rely upon
        such fraudulent representations.

80.     In fact, Plaintiff did rely upon such representations to her detriment.

81.     Defendants retained for their own benefit such income tax refund.

82.     As a direct and proximate result of Defendants' fraud, **Lillie** has been damaged and/or
        injured in that she has suffered loss of property, loss of use of property, extreme mental
        and emotional distress, fear, humiliation, and have been forced to retain the services of an
        attorney to prosecute this matter.

        **WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully pray for a money

judgment, in an amount yet to be ascertained, against all Defendants, jointly and severally, and

for relief as follows:

        a.      Actual, Compensatory and Punitive damages;

        b.      Injunctive relief;

        c.      Reasonable attorney's fees and costs; and

        d.      Such other relief as this Court deems just and proper.

## COUNT X - STATE LAW INVASION OF PRIVACY
### (Against each Defendant)

83.    In carrying out the conduct described hereinabove, Defendants unlawfully intruded into

Plaintiffs' private activities and lives.

84.    Defendants' intentional conduct was so outrageous as to cause mental suffering, shame or

humiliation to a person of ordinary sensibilities.

85.    Plaintiffs suffered damages as otherwise herein described as a direct and proximate result

of Defendants' invasion of Plaintiffs' privacy.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs respectfully pray for a money

judgment, in an amount yet to be ascertained, against all Defendants, jointly and severally, and

for relief as follows:

    a.    Actual, Compensatory and Punitive damages;

    b.    Injunctive relief;

    c.    Reasonable attorney's fees and costs; and

    d.    Such other relief as this Court deems just and proper.

## COUNT XI - STATE LAW CIVIL CONSPIRACY
### (Against each Defendant)

86.    As stated hereinabove, Defendants knowingly and willingly conspired among and

between themselves for the purpose of defrauding Plaintiffs of the income tax refunds to

which they were entitled and/or stealing Plaintiffs' identities to fraudulent prepare and

submit income tax returns.

87.    Plaintiffs suffered damages as otherwise herein described as a direct and proximate result

of Defendants' conspiracy.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs respectfully pray for a money judgment, in an amount yet to be ascertained, against all Defendants, jointly and severally, and for relief as follows:

      a.      Actual, Compensatory and Punitive damages;

      b.      Injunctive relief;

      c.      Reasonable attorney's fees and costs; and

      d.      Such other relief as this Court deems just and proper.

**COUNT XII - STATE LAW CIVIL IDENTITY THEFT**
**(Against each Defendant)**

88.      Pursuant to Section 13A-8-199 of the Code of Alabama, "... a victim who has suffered loss as a result of a criminal violation of this article may bring an action in his or her county of residence or any county in which any part of the crime took place, regardless of whether the defendant who committed the criminal violation was ever actually present in that county, against the defendant to recover the following: (1) Five thousand dollars ($5,000) for each incident, or three times the actual damages, whichever is greater. (2) Reasonable attorney's fees and court costs."

89.      As described hereinabove, Defendants criminally violated the aforesaid provisions by fraudulently using and/or possessing Plaintiffs' identities to prepare income tax returns and receive the refunds thereof.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs respectfully pray for a money judgment, in an amount yet to be ascertained, against all Defendants, jointly and severally, and for relief as follows:

      a.      Actual, Compensatory and Punitive damages;

      b.      Injunctive relief;

    c.      Reasonable attorney's fees and costs; and

    d.      Such other relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED** on this the _26th_ day of _October_ 2010.

/s/ Anthony B. Bush
Anthony B. Bush, Esq.
*Attorney for Plaintiffs*
Lewis, Bush & Faulk, LLC
P.O. Box 5059 (36103)
400 South Union Street, Suite 230
Montgomery, Alabama 36104
(334) 263-7733     Phone
(334) 832-4390     Fax
anthonybbush@yahoo.com

DEFENDANTS MAY BE SERVED AT THE FOLLOWING ADDRESSES:

Jack Jones
350 Old Fort Road
Fort Deposit, Alabama 36032

Dorothy McCrae
615 W. Patton Avenue
Montgomery, Alabama 36105

Jack Jones Enterprises, LLC
c/o Jack Jones - Registered Agent
350 Old Fort Road
Fort Deposit, Alabama 36032

Jack Jones Income Tax Service
350 Old Fort Road
Fort Deposit, Alabama 36032

J and J Fast Tax Service
350 Old Fort Road
Fort Deposit, Alabama 36032